## 18977

NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, v. Jean W. BUTLER and Jimmy Jackson, of whom, Jean W. Butler is, Respondent.

(170 S. E. (2d) 371)

*Messrs. Jefferies & Groves,* and *Richard W. Arnold,* of Greenwood, *for Appellant,*

*Messrs. Mays & Mays,* and *Wm. Thurmond Bishop,* of Greenwood, *for Respondent,*

Nov. 4, 1969.

BRAILSFORD, Justice.

In July, 1966, Effie J. Butler was killed when her 1966 Chevrolet automobile collided with two wrecked cars on a highway in Saluda County. National Grange Mutual Insurance Company, her liability insurance carrier, also had liability coverage on one of the wrecked cars, which was operated by one Thelma Rodgers. The other car was operated by Jimmy Jackson, an uninsured motorist. Jean W. Butler, the mother of the decedent, was appointed as administratrix of her estate and, while represented by able and experienced counsel, entered into a settleemnt with National for the sum of $5,000.00. This settlement was approved by the Probate Court for Saluda County, and on January 20, 1967, the administratrix executed a general release discharging Thelma Rodgers and National from all claims and demands arising out of the accident. The administratrix was discharged by order of the probate court dated February 18, 1967.

Thereafter, Jean W. Butler sued Thelma Rodgers and Jimmy Jackson for $10,000.00 actual and punitive damages for the destruction of the 1966 Chevrolet in the fatal collision. In turn, National commenced this action against Jean W. Butler for a judgment declaring that it and its insured Thelma Rodgers have been effectively released from all claims arising out of the accident. This appeal by National is from a judgment of the lower court denying this relief and holding that the settlement did not include any claim for property damage.

As already indicated, Jean W. Butler has been discharged as administratrix of her daughter's estate. So far as we are advised, no other appointment has been made. Mrs. Butler is a party to this action only as an individual. The estate of the daughter was not represented in the circuit court and is not represented here.

The record on appeal is contradictory as to whether Mrs. Butler actually claims ownership of the Chevrolet and of any cause of action for its destruction. The statement of the case indicates that she does. Her answer in the declaratory judgment action admits that the car belonged to her daughter. Counsel made inconclusive stipulations on the subject in the circuit court. This question has now been set at rest by an admission of Mrs. Butler's counsel that she claims no interest in the automobile, and that the *tort* action was brought in her name by mistake.

Mrs. Butler has let her action for property damage fall by this judicial admission, and no party to this action has an interest opposed to the construction of the release urged by National. The construction adopted by the lower court could not be *res judicata* in any subsequent action for property damage, because any such action would necessarily be between different parties. The appeal has become moot, and we decline to pass upon the exceptions.

Appeal dismissed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.